[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2008
THOMAS K. KAHN
CLERK

No. 07-15650
Non-Argument Calendar

_____

D. C. Docket No. 06-00077-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENO JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 28, 2008)**

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Geno Jackson appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e). On appeal, Jackson argues the district court erroneously denied his motion for mistrial after the Government's statement at closing argument improperly shifted the burden of proof from the Government to the defense. Jackson further asserts the district court erred in finding his request for a mistrial was untimely.

Normally, we review the denial of a motion for mistrial for an abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005). However, failure to object to a comment during closing argument, without a viable excuse, "entitles the objecting party to relief only if he can show that the remarks, in the context of the trial, amounted to plain error." *United States v. Soto*, 591 F.2d 1091, 1101 (5th Cir. 1979). We may find plain error where: (1) an error occurs; (2) the error is plain; (3) the error affects substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 113 S. Ct. 1770, 1777-79 (1993) (internal quotations and citations omitted).

"Prosecutorial misconduct requires a new trial only if we find the remarks (1) were improper and (2) prejudiced the defendant's substantive rights." *United States v. Hernandez*, 145 F.3d 1433, 1438 (11th Cir. 1998) (internal quotation

omitted). To determine the prejudicial impact of the prosecutor's statements, we "must evaluate them in the context of the trial as a whole and assess their probable impact on the jury." *Id.* In the habeas corpus context, we have stated, to be substantially prejudicial, the improper comments must have "so infected the trial with unfairness as to make the resulting conviction or sentence a denial of due process." *Parker v. Head*, 244 F.3d 831, 838 (11th Cir. 2001) (alteration and citation omitted).

In a criminal proceeding, the government has the burden of proving every element of the charged offense beyond a reasonable doubt. *United States v. Simon*, 964 F.2d 1082, 1086 (11th Cir. 1992). During closing arguments, "prosecutors must refrain from making burden-shifting arguments which suggest that the defendant has an obligation to produce any evidence or to prove innocence." *Id.* However, "prejudice from the comments of a prosecutor which may result in a shifting of the burden of proof can be cured by a court's instruction regarding the burden of proof." *Id.* at 1087.

The record does not reveal any plain error. The district court instructed the jury immediately after the prosecutor's comments were made that the Government bears the burden to prove Jackson's guilt beyond a reasonable doubt. Even if the objection was promptly made, the district court did not abuse its discretion by

3

denying Jackson's motion for a mistrial because the prosecutor's remarks, when taken in context, were not improper burden-shifting that prejudiced Jackson's substantial rights. Rather, the remarks were merely a response to Jackson's claims during closing argument that he was injured by the police officers at the time of his arrest. The contested statement, "I have the burden of proof, but if you're going to get up and allege that he's beaten and he's injured and -- where is the proof of that? The proof is that he was taken to the hospital," taken alone, is an argument Jackson was uninjured by the police, not an attempt to shift the burden from the prosecution to the defense. Moreover, even if the prosecutor's statements were improper, the district court gave three separate curative instructions regarding the burden of proof, and nothing in the record indicates the jurors failed to follow the court's instructions. *Simon*, 964 F.2d at 1087.

Because the prosecutor's comments during closing arguments were not improper, nor substantially prejudicial, the district court did not abuse its discretion by denying Jackson's motion for mistrial. Accordingly, no error, plain or otherwise, was made.

**AFFIRMED.**

4